UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOBEK THERAPEUTICS, LLC,

              Plaintiff,

v.                             Case No. 8:14-cv-1617-T-33TBM

SVADS HOLDINGS SA a/k/a SVADS
HOLDING SA a/k/a SVADS HOLDING,
INC., and SHASUN USA, INC.,

              Defendants.
_____/

## ORDER

This cause is before the Court pursuant to Defendant Shasun USA, Inc.'s Motion to Dismiss "as an improper party under Rule 12(b)(6)" (Doc. # 12) and supporting memorandum of law (Doc. # 13), both filed on September 10, 2014. Also before the Court is SVADS Holdings SA's Motion to Dismiss for insufficient service under Rule 12(b)(5) (Doc. # 14) and supporting memorandum of law (Doc. # 15), also filed on September 10, 2014. On September 29, 2014, Plaintiff Sobek Therapeutics, LLC filed a response in opposition to the Motions to Dismiss. (Doc. # 24). On October 9, 2014, with leave of Court, Defendants filed their Reply in Support of Defendants' Pending Motions to Dismiss. (Doc. # 31). For the reasons that follow, the Court denies the Motions.

## I.   Background

This case involves ownership rights in the trademark

"NUPRIN" for "Analgesics; Ibuprofen for use as an oral analgesic; Oral analgesics," which was initially issued to non-party Advanced Healthcare Distributors LLC on April 10, 2007. (Doc. # 1 at ¶ 10). Advanced Healthcare Distributors LLC "stopped selling products carrying the NUPRIN mark, stopped advertising NUPRIN, and discontinued use of the NUPRIN mark with no intent to resume use, thereby resulting in abandonment." (Id. at ¶ 11).   In March of 2010, Advanced Healthcare Distributors LLC assigned all right, title, and interest in the NUPRIN mark to non-party SCOLR Pharma, Inc. (Id. at ¶ 13). "Because the NUPRIN mark . . . had been abandoned by Advanced Healthcare Distributors LLC, no valid trademark rights were ever obtained by SCOLR Pharma, Inc." (Id. at ¶ 14). In addition, "SCOLR Pharma, Inc. never used the NUPRIN mark in commerce . . . resulting in further abandonment by SCOLR Pharma, Inc." (Id. at ¶ 15).

Sobek Therapeutics, LLC, is a Florida limited liability corporation with its principal place of business in Tampa, Florida, "dedicated to developing and launching pharmaceutical and dietary supplement products focused on pain prevention and relief." (Id. at ¶ 2). On May 2, 2013, "because the NUPRIN mark had not been used in commerce for more than seven years and had been abandoned, Sobek filed an application to register

2

NUPRIN under 15 U.S.C. § 1051(b) based on its bona fide intention to use the mark in commerce." (Id. at ¶ 17).

The United States Patent and Trademark Office declined to grant Sobek's application but provided Sobek with a 60 day period to file additional responses. (Id. at ¶ 18). On October 8, 2013, SCOLR Pharma, Inc. filed an affidavit averring that the NUPRIN mark was not currently in use "because the goods were being reformulated." (Id. at ¶ 19). The USPTO "issued a post-registration office action which declined to accept SCOLR Pharma, Inc.'s claim of excusable nonuse but allowed additional time to submit further information explaining its nonuse" of the mark. (Id. at ¶ 20).

However, in December of 2013, SCOLR Pharma, Inc. assigned its right, title, and interest in the NUPRIN mark to SVADS. (Id. at ¶ 22). In May of 2014, non-party Shasun Pharmaceuticals Ltd. "announced that it had acquired global rights to the NUPRIN trademark and that it would be developing and commercializing an Ibuprofen 12 hour extended release OTC (over the counter) tablet" under the NUPRIN mark. (Id. at ¶ 23). In June of 2014, SVADS filed a new application to register NUPRIN under 15 U.S.C. § 1051(b). (Id. at ¶ 24). Thereafter, Sobek sought further review of its application by the USPTO. (Id. at ¶ 27).

3

With competing claims being litigated in the USPTO,
Defendants "SVADS and Shasun sent a demand letter to Sobek in
Florida, in which they claimed to own the NUPRIN trademark
Registration No. 3226852 and the common law rights to the mark
and demanded that Sobek not use the term NUPRIN in commerce
associated with the goods listed in Sobek's application." (<u>Id.</u>
at ¶ 28).

On July 1, 2014, Sobek filed a three count Complaint
against SVADS and Shasun for a declaratory judgment of non-
infringement and a finding of no unfair competition (count
one), for cancellation of U.S. Trademark Registration No.
3226852 (count two), and for a declaratory judgment of right
to register the NUPRIN mark (count three). (<u>See</u> Doc. # 1).  In
response, Shasun filed a Motion to Dismiss pursuant to Rule
12(b)(6), Fed. R. Civ. P., arguing that it is an improper
party to this suit. (Doc. # 12). While SVADS filed a Motion to
Dismiss pursuant to Rule 12(b)(5), Fed. R. Civ. P., alleging
improper service. (Doc. # 14). The Court denies both Motions
to Dismiss as follows.

## II.   <u>Shasun's Rule 12(b)(6) Motion to Dismiss</u>

On a motion to dismiss, this Court accepts as true all
the allegations in the complaint and construes them in the
light most favorable to the plaintiff.  <u>Jackson v. Bellsouth</u>

<u>Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004).  Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint.  <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal citations omitted).  In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

Here, attaching "a publicly viewable USPTO registration file for the NUPRIN trademark" to its Motion to Dismiss, Shasun seeks dismissal under the argument that it has "no ownership interest in the NUPRIN trademark." (Doc. # 12 at 4-

5

6; Doc. # 13 at 2). However, as correctly noted by Sobek, the Court's analysis is confined to the four corners of the Complaint. Regardless of Shasun's current position that SVADS is the only owner of the NUPRIN mark, Sobek has alleged in the Complaint that Shasun sent Sobek a demand letter claiming an ownership right in the NUPRIN mark and demanding that Sobek not use the NUPRIN mark. (Doc. # 1 at ¶ 28). In response, Sobek filed the present action. In count one, Sobek alleges:

> Defendants have asserted that they are the owners of the registered trademark for NUPRIN and that they have common law rights in the NUPRIN trademark. Defendants have asserted that Sobek's use of NUPRIN . . . would violate their federal and common law trademark rights, and Defendants have threatened to immediately enforce such rights in litigation. Sobek asserts that the rights which Defendants claim to hold in the NUPRIN trademark were abandoned by Advanced Healthcare Distributors LLC and SCOLR Pharma, Inc., and Defendants have no rights in the NUPRIN trademark, and that Sobek's registration and use of the NUPRIN mark is proper. An actual, justiciable controversy therefore exists between Sobek and the Defendants. To resolve this controversy, Sobek is entitled to a declaratory judgment that Defendants' rights in the NUPRIN trademark have been abandoned, that Defendants have no rights to use the NUPRIN trademark in commerce in the United States, and Sobek is not infringing any federal, state, or common law trademark rights of Defendants, and that Sobek is not violating any federal or state unfair competition laws.

(Id. at ¶¶ 32-36). Likewise, in count two, Sobek seeks an order cancelling "Registration No. 3226852," which Sobek alleges both Shasun and SVADS have claimed an interest. (Id.

6

at ¶ 38).

Shasun has not pointed to a specific pleading deficiency concerning any count of the Complaint.  Rather, pointing to allegations and documents external to the Complaint allegations, Shasun contends that it is not a proper party to the litigation.  The Court is not at liberty to consider Shasun's arguments and accordingly denies Shasun's Motion to Dismiss.

### III. <u>SVADS's Rule 12(b)(5) Motion to Dismiss</u>

An action may be dismissed for insufficient process under Rule 12(b)(5) if the defendant is not served in accordance with Fed. R. Civ. P. 4. <u>T-12 Ent., LLC v. Young Kings Enterprises, Inc.</u>, 1:14-CV-841-TCB, 2014 WL 3893022 (N.D. Ga. 2014). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." <u>Pardazi Cullman Med. Ctr.</u>, 896 F.2d 1313, 1317 (11th Cir. 1990). "Initially the defendant has the burden of challenging the sufficiency of service and must describe with specificity how the service of process failed to meet the procedural requirements of Fed. R. Civ. P. 4. Once the defendant carries that burden, then the burden shifts to the plaintiff to prove a prima facie case of proper service of process." <u>Fru Veg Mktg. v. Vegfruitworld</u>

7

Corp., 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012)(internal citations omitted).  "If the plaintiff can establish that service was proper then the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process." Id.  In assessing whether service of process has been effected pursuant to Rule 4, "the Court may look to affidavits, depositions, and oral testimony to resolve disputed questions of fact." Id.

"A defendant's actual notice is not sufficient to cure defectively executed service." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).  "Even so, the Court has broad discretion to dismiss the action or quash service but retain the case despite improper service." T-12 Entm't LLC v. Young Kings Enters., No. 1:14-cv-841, 2014 U.S. Dist. LEXIS 110174, at *24-25 (N.D. Ga. Aug. 11, 2014).

Defendant SVADS is a Swiss Corporation with its principal place of business in La Chaux-de-Fonds, Switzerland (Doc. # 1 at ¶ 4), and should therefore be served in accordance with Fed. R. Civ. P. 4(f) and (h). Although Sobek did not effectuate service of process on Defendant SVADS in accordance with the requirements of the Hague Service Convention, Sobek did effectuate service of process on Defendant SVADS 1051(e) domestic representative, Mr. Zachary Gordon. (Doc. # 14 at ¶

2).

   On June 6, 2014, recognizing the abandonment by the prior
owners, SVADS, by and through its attorneys, filed a new
application to register NUPRIN under 15 U.S.C. § 1051(b)
asserting that it intended to use the mark in commerce in
connection with Class 5 goods "Pharmaceuticals." (Doc. # 1 at
¶ 24). In 2014, when Defendant SVADS filed the new application
to register NUPRIN, and designated Mr. Gordon as SVADS
domestic representative (Doc. # 14 Ex. A, at ¶ 4), the
applicable USPTO statute for Application for registration;
verification provided:

> If the applicant is not domiciled in the United
> States the applicant may designate, by a document
> filed in the United States Patent and Trademark
> Office, the name and address of a **person resident
> in the United States on whom may be served
> notices or process in proceedings affecting the
> mark.** Such notices or process may be served upon
> the person so designated by leaving with that
> person or mailing to that person a copy thereof
> at the address specified in the last designation
> so filed. If the person so designated cannot be
> found at the address given in the last
> designation, or if the registrant does not
> designate by a document filed in the United
> States Patent and Trademark Office the name and
> address of a person resident in the United States
> on whom may be served notices or process in
> proceedings affecting the mark, such notices or
> process may be served on the Director.

15 U.S.C. § 1051(e) (emphasis added).

   As Sobek alleges within the Complaint causes of action

for declaratory judgment action of non-infringement, cancellation of U.S. Trademark Registration No. 3226852, and declaratory judgment of right to register NUPRIN mark, the Court views this proceeding as directly "affecting the mark" within the language of 15 U.S.C. § 1051.

Therefore, the Court finds that service of process on Mr. Gordon, on behalf of Defendant SVADS, was proper in this narrow circumstance from the facts provided as this proceeding arises out of the USPTO filing by Defendants SVADS. Accordingly, Defendant SVADS Motion to Dismiss is denied.

## III. **Conclusion**

Upon due consideration of the well-pled allegations of Sobek's Complaint, which the Court must accept as true at this juncture, the Court determines that it is appropriate to deny the Motions to Dismiss.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Shasun USA, Inc.'s Motion to Dismiss, Shasun USA, Inc., as an Improper Party under Rule (12)(b)(6),(Doc. # 12) is **DENIED.**

(2) Defendant SVADS Holdings SA a/k/a SVADS Holding SA a/k/a SVADS Holding, Inc.'s Motion to Dismiss Plaintiff's Complaint for Insufficient Service under 12(b)(5) (Doc.

# 14) is **DENIED**.

(3)   Defendants have until and including October 31, 2014 to

file Answers to Plaintiff's Complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this

<u>14th</u> day of October, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record